IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:12-430-CMC |
| v. | **OPINION and ORDER** |
| Robert David Pryor, | |
| Defendant. | |

Defendant proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts several claims relating to alleged ineffective assistance of counsel. Defendant has also moved for release from imprisonment based upon alleged illegal detention. *See* Mot., ECF No. 1650. The Government filed a motion for summary judgment addressing both motions. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion.

The court has reviewed the complete record in this case. The court finds the reasons stated in the Government's memorandum in support of its summary judgment motion relating to Defendant's allegations of ineffective assistance of counsel to be correct. Accordingly, the court adopts these reasons as its findings and grants the Government's motion for summary judgment as to Defendant's claims for relief in his § 2255 motion relating to ineffective assistance of counsel. Defendant's arguments in opposition to the Government's motion on this issue are without merit.

As to Defendant's "Motion for Release on Personal Recognizance or Unsecured Appearance Bond," ECF No. 1650, the Government has argued that the motion is, in reality, an amendment to Defendant's motion under § 2255. The court agrees. To the extent Defendant's challenge is

1

properly raised in this § 2255 motion and not procedurally defaulted for Defendant's failure to raise this matter on direct appeal, it is without merit. The record establishes that, pursuant to Federal Rule of Criminal Procedure 11(b)(3), a sufficient basis in fact existed for this court to find Defendant guilty, and Defendant was properly adjudged guilty.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment as to all of Defendant's claims is **granted.** The motion under 28 U.S.C. § 2255 is **dismissed with prejudice**; Defendant's motion for release, to the extent it is a separately considered motion, is **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 23, 2014